# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | No. 17-05035-02-CR-SW-RK |
| **JENNIFER M. CONANT**, | |
| Defendant. | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

1. **The Parties.** The parties to this agreement are the United States Attorney's Office for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by Timothy A. Garrison, United States Attorney, and Abram McGull II, Assistant United States Attorney, and the defendant, Jennifer M. Conant ("the defendant"), represented by Kristin Jones.

The defendant understands and agrees that this plea agreement is only between her and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

2. **Defendant's Guilty Plea**. The defendant agrees to and hereby does plead guilty to the single count of the Superseding Information, charging her with a violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(A) and § 846, that is, knowingly and intentionally conspiring and agreeing with others, to distribute 50 grams or more of actual methamphetamine, a Schedule II controlled

substance. By entering into this plea agreement, the defendant admits that she knowingly committed this offense, and is, in fact, guilty of this offense.

    3. **Factual Basis for Guilty Plea.** The parties agree that the facts constituting the offense to which the defendant is pleading guilty are as follows:

On May 6, 2017, Ozark Drug Enforcement Team (ODET) Detective Travis Spencer receive information from Drug Enforcement Administration (DEA) – Arizona that a suspicious package destined for XXXXXXXXX, Seneca, Missouri, was being shipped via United Parcel Service (UPS). The package was suspicious for several reasons: 1) the package had fake sender's address; 2) the unknown male sending the package paid $110 for overnight delivery; 3) the unknown male sender disguised himself with a ball cap and sunglasses; and, 4) the unknown male sender requested a UPS box and packaged the box outside of the UPS store. The package, identified as UPS 1Z2W10254461463606 was shipped from Arizona to Missouri.

On May 7, 2017, UPS Joplin, Missouri, contacted Det. Spencer and informed him that UPS 1Z2W10254461463606 arrived. Joplin Police Officer Bret Davis along with his K-9 were dispatched to UPS Joplin. The suspicious package along with 4 other UPS packages were laid out for the K-9 to sniff. The K-9 alerted to UPS 1Z2W10254461463606. A Newton County state search warrant was issued for UPS 1Z2W10254461463606. Det. Spencer executed the search warrant and found 1 pound of methamphetamine in the parcel.

The UPS package was resealed and a controlled delivery of the package was executed by US Postal Inspector Matt Murrow. A state search warrant was prepared for the delivery address: XXXXXXXX, Seneca, Missouri. Murrow delivered the package to the address. Shortly thereafter, Newton County Sheriff Office executed the residential search warrant and located the UPS package in the southwest bedroom of the residence. The occupant of the residence was identified as Joshua Martin. Det. Spencer read Martin his Miranda rights and Martin agreed to cooperate. Martin told Spencer that Jennifer Conant had the package shipped to his address and she inquired about the package just prior to law enforcement executing the residential search warrant.

2

Martin agreed to contact Jennifer Conant via his mobile phone and law enforcement officers were able to hear both sides of the conversation. Martin told Conant that the package arrived. Conant then said that she would be there shortly to pick up the package with her friend "D". Martin later explained to Det. Spencer that "D" was a friend of Conant.

Approximately 45 minutes later, Conant arrived at XXXXXXX with an individual later identified as Johnny Taylor (aka: "D"). They were arrested. Taylor agreed to speak with law enforcement officers. Taylor admitted to DEA SA Doug Johnson that he had been in contact with a subject in Arizona. Taylor said this was the first time he used this Arizona supplier. He stated that the package contained approximately 1-pound of methamphetamine. The 1-pound of methamphetamine was sent to the DEA Crime Lab and subsequently confirmed as 454 grams of actual methamphetamine. Both Conant and Taylor agreed with each other and others to conspire to distribute 50 grams or more of actual methamphetamine that had been shipped from Arizona to the Western District of Missouri for further distribution by Taylor and Conant.

4. **Use of Factual Admissions and Relevant Conduct.** The defendant acknowledges, understands and agrees that the admissions contained in paragraph 3 and other portions of this plea agreement will be used for the purpose of determining her guilt and advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3(a)(2). The defendant acknowledges, understands and agrees that the conduct charged in any dismissed counts of the indictment, as well as all other uncharged, related criminal activity, may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3(a)(2) in calculating the offense level for the charge to which she is pleading guilty.

5. **Statutory Penalties.** The defendant understands that, upon her plea of guilty to the single count of the Superseding Information, charging her with knowingly and intentionally conspiring and agreeing with others, to distribute 50 grams or more of actual methamphetamine, a Schedule II controlled substance, the minimum penalty the Court may impose is not less than 10

3

years' imprisonment, while the maximum penalty the Court may impose is not more than Life imprisonment, not less than 5 years' supervised release, a $10,000,000.00 fine, and a $100 mandatory special assessment per felony count of conviction, which must be paid in full at the time of sentencing. The defendant further understands that this offense is a Class A felony.

6. **Sentencing Procedures.** The defendant acknowledges, understands and agrees to the following:

   a. in determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission; these Guidelines, however, are advisory in nature, and the Court may impose a sentence either less than or greater than the defendant's applicable Guidelines range, unless the sentence imposed is "unreasonable";

   b. the Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing;

   c. in addition to a sentence of imprisonment, the Court may impose a term of supervised release of at least 5 years;

   d. the Court may impose any sentence authorized by law, including a sentence that is outside of, or departs from, the applicable Sentencing Guidelines range;

   e. any sentence of imprisonment imposed by the Court will not allow for parole;

   f. the Court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Office; and

   g. the defendant may not withdraw her guilty plea solely because of the nature or length of the sentence imposed by the Court.

7. **Government's Agreements.** Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against the defendant for any federal criminal offenses related to her knowingly and intentionally conspiring and agreeing with others, to

4

distribute 50 grams or more of actual methamphetamine, a Schedule II controlled substance for which it has venue and which arose out of the defendant's conduct described above. Additionally, the United States Attorney for the Western District of Missouri agrees to dismiss the Indictment against the defendant at sentencing and recommend a sentence of 120 months to the United States District Court. The defendant understands that this recommendation is not binding on the United States District Court. The District Court may accept or reject the Government's recommendation of the mandatory minimum of 120 months and sentence her to a much higher sentence.

The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person of another, or a conspiracy to commit any such acts of violence or any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge.

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement. If the defendant breaches this plea agreement, the United States retains the right to proceed with the original charges and any other criminal violations established by the evidence. The defendant expressly waives her right to challenge the initiation of the dismissed or additional charges against her if she breaches this agreement. The defendant expressly waives her right to assert a statute of limitations defense if the dismissed or additional charges are initiated against her following a breach of this agreement. The defendant further understands and agrees that, if the Government elects to file additional charges against her following her breach of this plea agreement, she will not be allowed to withdraw her guilty plea.

8. **Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character and conduct of the defendant, including the entirety of her criminal activities. The defendant understands these disclosures are not limited to the count to which she has pleaded guilty. The United States may respond to comments made or positions taken by the defendant or the defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

9. **Withdrawal of Plea.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally accepted by the Court, the defendant may withdraw her plea of guilty only if the Court rejects the plea agreement, or if the defendant can show a fair and just reason for requesting the withdrawal. The defendant understands that, if the Court accepts her plea of guilty and this plea agreement but subsequently imposes a sentence that is outside the defendant's applicable Sentencing Guidelines range, or imposes a sentence that the defendant does not expect, like or agree with, she will not be permitted to withdraw her plea of guilty.

10. **Agreed Guidelines Applications.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

    a. The Sentencing Guidelines do not bind the Court and are advisory in nature. The Court may impose a sentence that is either above or below the defendant's applicable Guidelines range, provided the sentence imposed is not "unreasonable";

    b. The defendant has admitted her guilt and clearly accepted responsibility for her actions, and has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently. Therefore, she is entitled to a 3-level reduction pursuant to § 3E1.1(b) of the Sentencing Guidelines. The Government, at the time of sentencing, will file a written motion with the Court to that effect, unless the defendant: (1) fails to abide by all of the terms and conditions of this plea agreement and her pretrial release; or (2) attempts to withdraw her guilty plea, violates the law, or otherwise engages in conduct inconsistent with her acceptance of responsibility;

    c. The parties agree that the Court will determine her applicable criminal history category after receipt of the presentence investigation report prepared by the United States Probation Office;

    d. The defendant understands that the Court may impose any sentence authorized by law, including any sentence outside the applicable Guidelines range that is not "unreasonable." However, while the United States does not agree that a sentence outside the Guidelines range is appropriate, the defendant may argue for a sentence outside the Guidelines range. The agreement by the Government not to seek a departure from the Guidelines is not binding upon the Court or the United States Probation Office, and the Court may impose any sentence authorized by law, including any sentence outside the applicable Guidelines range that is not "unreasonable";

    e. The defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, including the determination of any mandatory minimum sentence (including the facts that support any specific offense characteristic or other enhancement or adjustment), and any legally authorized increase above the normal statutory maximum. The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed, and waives any right to have those facts alleged in the indictment. The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay; and

7

f. The defendant understands and agrees that the factual admissions contained in paragraph 3 of this plea agreement, and any admissions that she will make during her plea colloquy, support the imposition of the agreed upon Guidelines calculations contained in this agreement.

11. **Effect of Non-Agreement on Guidelines Applications.** The parties understand, acknowledge and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in paragraph 10 and its subsections. As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

12. **Change in Guidelines Prior to Sentencing.** The defendant agrees that, if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by the defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option. If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

13. **Government's Reservation of Rights.** The defendant understands that the United States expressly reserves the right in this case to:

 a. oppose or take issue with any position advanced by the defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

 b. comment on the evidence supporting the charge in the indictment;

 c. oppose any arguments and requests for relief the defendant might advance on an appeal from the sentence imposed, and that the United States remains free on appeal or collateral proceedings to defend the legality and propriety of the sentence actually imposed, even if the Court chooses not to follow any recommendation made by the United States; and

8

      d.    oppose any post-conviction motions for reduction of sentence, or other relief.

14. **Waiver of Constitutional Rights.** The defendant, by pleading guilty, acknowledges that she has been advised of, understands, and knowingly and voluntarily waives the following rights:

      a.    the right to plead not guilty and to persist in a plea of not guilty;

      b.    the right to be presumed innocent until her guilt has been established beyond a reasonable doubt at trial;

      c.    the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

      d.    the right to confront and cross-examine the witnesses who testify against her;

      e.    the right to compel or subpoena witnesses to appear on her behalf; and

      f.    the right to remain silent at trial, in which case her silence may not be used against her.

The defendant understands that, by pleading guilty, she waives or gives up those rights and that there will be no trial. The defendant further understands that, if she pleads guilty, the Court may ask her questions about the offense to which she pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, her answers may later be used against her in a prosecution for perjury or making a false statement. The defendant also understands that she has pleaded guilty to a felony offense and, as a result, will lose her right to possess a firearm or ammunition and might be deprived of other rights, such as the right to vote or register to vote, hold public office, or serve on a jury.

15. **Waiver of Appellate and Post-Conviction Rights.**

    a. The defendant acknowledges, understands and agrees that, by pleading guilty pursuant to this plea agreement, she waives her right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement, except on grounds of (1) ineffective assistance of counsel; or (2) prosecutorial misconduct; and

    b. The defendant expressly waives her right to appeal her sentence, directly or collaterally, on any ground except claims of: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal her sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

16. **Financial Obligations.** By entering into this plea agreement, the defendant represents that she understands and agrees to the following financial obligations:

    a. The defendant understands that a Special Assessment will be imposed as part of the sentence in this case. The defendant promises to pay the Special Assessment of $100.00 by submitting a satisfactory form of payment to the Clerk of the Court prior to appearing for the sentencing proceeding in this case. The defendant agrees to provide the Clerk's receipt as evidence of her fulfillment of this obligation at the time of sentencing;

17. **Waiver of FOIA Request.** The defendant waives all of her rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18. **Waiver of Claim for Attorney's Fees.** The defendant waives all of her claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

19. **Defendant's Breach of Plea Agreement.** If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement. The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw her plea of guilty.

The defendant also understands and agrees that, in the event she violates this plea agreement, all statements made by her to law enforcement agents subsequent to the execution of this plea agreement, any testimony given by her before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against her in any and all criminal proceedings. The defendant waives any rights that she might assert under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by her subsequent to this plea agreement.

20. **Defendant's Representations.** The defendant acknowledges that she has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. The defendant acknowledges that she is satisfied with the assistance of counsel, and that counsel has fully advised her of her rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the

promises contained in this plea agreement, have been made by the United States, the Court, her attorneys, or any other party to induce her to enter her plea of guilty.

21. **Defendant Will Surrender to Custody At The Plea.** The defendant understands that the crime to which she is pleading guilty, knowingly and intentionally conspiring and agreeing with others, to distribute 50 grams or more of actual methamphetamine, a Schedule II controlled substance, is one of the offenses listed in 18 U.S.C. § 3142(f)(1)(A), (f)(1)(B) or (f)(1)(C). Accordingly, pursuant to 18 U.S.C. § 3143(a)(2), the Court must detain the defendant after she pleads guilty. The defendant agrees not to contest being detained immediately after the Court's acceptance of the guilty plea, and to surrender to the custody of the U.S. Marshals at that time.

22. **No Undisclosed Terms.** The United States and the defendant acknowledge and agree that the above stated terms and conditions, together with any written supplemental agreement that might be presented to the Court in camera, constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement or any written supplemental agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

23. **Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings. The parties further agree that, in interpreting this agreement, any drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

**Timothy A. Garrison**
United States Attorney

By

Dated: 03/28/2018

*/s/ Abram McGull II*
Abram McGull II
Assistant United States Attorney
Missouri Bar No. 40553

I have consulted with my attorney and fully understand all of my rights with respect to the offense charged in the indictment. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this plea agreement and I voluntarily agree to it.

Dated: 03/28/2018

*/s/ Jennifer M. Conant*
Jennifer M. Conant
Defendant

I am defendant Jennifer M. Conant's attorney. I have fully explained to her her rights with respect to the offense charged in the indictment. Further, I have reviewed with her the provisions of the Sentencing Guidelines which might apply in this case. I have carefully reviewed every part of this plea agreement with her. To my knowledge, Jennifer M. Conant's decision to enter into this plea agreement is an informed and voluntary one.

Dated: 03/28/2018

*/s/ Kristin Jones*
Kristin Jones
Attorney for Defendant